886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald G. TAYLOR, Plaintiff-Appellant,
v.
Norman C. KEESLER, Defendant-Appellee.
 No. 89-1123.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking damages and other relief, Taylor sued defendant, the resident manager at the State Prison of Southern Michigan, alleging that defendant, in violation of state law, had prevented him from attending classes at a local community college. Taylor claimed that defendant acted out of retaliation for his filing several prior grievances and lawsuits and that he was also motivated by racial and cultural bias because Taylor is black and a Muslim.
 
 
 3
 The matter was referred to a magistrate who recommended that defendant's motion for summary judgment be granted. Taylor filed a timely, but generalized objection to the magistrate's report in which he alleged that he had been denied "additional" access to the prison law library to research a response to the magistrate's report. After considering the magistrate's report and Taylor's objections, the district court granted summary judgment for defendant.
 
 
 4
 Subsequently, Taylor filed a timely appeal in which he raises entirely new claims. On appeal, Taylor claims that, in retaliation for the filing of this lawsuit, he has been transferred to a new prison, Kinross Correctional Facility, and that in order to restrict his access to the courts, a significant amount of his previously accumulated legal materials has been confiscated.
 
 
 5
 Upon review, we conclude that the district court's grant of summary judgment should be affirmed because Taylor has abandoned on appeal those issues which were raised before the district court and he seeks, via his brief on appeal, to raise entirely new issues which were never raised before the district court. See Pinney Dock & Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988); Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 On appeal, Taylor has abandoned the issues which were before the district court, that he was denied the right to attend a local college due to retaliation and bias, and seeks to litigate new issues on appeal, namely, that he has been transferred to a new prison and that previously accumulated legal materials have been confiscated. Issues which are raised before the district court, but not raised on appeal, are not reviewable on appeal because they are considered abandoned. See McMurphy, 802 F.2d at 198-99.
 
 
 7
 Accordingly, the district court's grant of summary judgment is hereby affirmed without prejudice to Taylor's right to file a new suit asserting the claims he seeks to raise for the first time on appeal. Rule 9(b)(5), Rules of the Sixth Circuit.